## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br>**STEVEN A SWAN**<br>**MELISSA J SWAN**<br>    Debtor | CASE NO. 19-10811-PMM<br>CHAPTER 13 |

**STEVEN A SWAN**
            Plaintiff

    vs.

| | |
|---|---|
| **US DEPARTMENT OF EDUCATION**<br>    Defendant | ADV. PRO. CASE NO: |

### Debtor's Complaint to Determine Federal Student Loans Discharged
### For "Undue Hardship" under 11 U.S.C. § 523(a)(8)

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On February 7, 2019, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

### Parties

6. Plaintiff, Steven A Swan, is the Debtor in the above captioned case. She is the recipient of federal student loans and is a resident of Morgantown, Pennsylvania.

7. Defendant, U.S. Department of Education (ED), is a federal government agency that oversees and originates federal student loans. It is the originator and holder of the loans at issue.

**Factual Allegations**

8. ED holds seven Parent PLUS loans and one consolidation loan made up of four Parent PLUS loans, with an estimated balance of $311,790, of which $266,207 is principal and $45,583 is interest.

9. These loans were taken out between 2012 and 2018.

10. The minimum payment under a standard plan is over $2,000 a month with a 25-year term for a total payout of over $600,000.

11. Even with the only IDR accessible plan, ICR, the payment would exceed $1600 a month with forgiveness in 25 years.

12. Swan is 67½ years old.

13. Forgiveness in 25 years would make him 92 years old.

14. The idea of Swan making a payment of over $1,600 (ICR) or $2,000 (standard) for the next 25 years is untenable.

15. Swans current income is less than $43,000 per year and will be significantly lower one he retires.

16. A payment of $,1600 represents 45% of his gross income while a payment of $2,000 is 56% of his gross income.

17. He cannot rely on his spouse to assist as she is already retired and on fixed income.

18. Although Swan has consolidated some loans, access to ICR has not helped because he cannot afford the minimum payment of $1600.

19. He has taken a few forbearances in the hopes that income would make ICR affordable.

20. In short, regardless of what Swan does with this loan, there is no available payment plan that he can afford that would keep him from default.

21. Should he default, the government can take 15% of his social security, which would only make things worse for him.

22. To date, these loans have never been in default.

23. While Swan is employed, he will never earn enough to afford the minimum payments on any plan.

24. Further, based on his age, the potential for his income to grow is extremely limited and is only going to decrease once he retires.

25. Swan filed bankruptcy to free himself of financial burden to enable him to maintain a basic sense of living.

26. Swan has maximized his income while reducing his expenses as best possible.

### Claim for Relief: Undue Hardship Discharge

27. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

28. The repayment of federal student loans made to Swan would be an undue hardship to him.

29. As a result, his federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtor requests a judgment determining that his federal student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated May 3, 2024

    Respectfully Submitted,
    STEVEN A SWAN
    By his attorney,
    /s/Joshua Cohen
        Joshua R.I. Cohen (pro hac vice)
        Cohen Consumer Law, PLLC
        PO Box 1040
        St. Albans, VT 05478
        Tel: 802-380-8887
        Fax: 860-233-0339
        jcohen@thestudentloanlawyer.com